J-S44039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES EDWARD BROOKS | |
| Appellant | No. 365 WDA 2015 |

Appeal from the Judgment of Sentence February 17, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000386-2014

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:               **FILED OCTOBER 22, 2015**

Charles Edward Brooks appeals from the judgment of sentence entered in the Court of Common Pleas of Fayette County.  After our review, we affirm.

A jury convicted Brooks of involuntary deviate sexual intercourse (IDSI), IDSI-forcible compulsion, IDSI with a person less than thirteen years of age, aggravated indecent assault-forcible compulsion, aggravated indecent assault with a person less than thirteen years of age, endangering the welfare of children, corruption of minors, and indecent assault-forcible compulsion.  The victims, a male and a female, both testified.  The female victim testified that the sexual assaults occurred when she was between the ages of five and ten.

President Judge John F. Wagner sentenced Brooks on February 17, 2015, to a total term of imprisonment of six to twelve years. Brooks was classified as a "Tier 3" offender under the Commonwealth's Sex Offender Registration and Notification Act ("SORNA"),[1] and ordered to undergo lifetime registration with the Pennsylvania State Police as a sexual offender. Brooks filed post-sentence motions, which were denied. He filed a notice of appeal on March 2, 2015. The court ordered Brooks to file a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal, and Brooks filed his timely Rule 1925(b) statement on March 4, 2015.

Brooks raises the following issues for our review:

1. Did the Commonwealth fail to prove beyond a reasonable doubt appellant had any inappropriate contact with the female victim in the present case?

_____

[1] On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901, *et seq*. **Commonwealth v. Sampolski**, 89 A.3d 1287, 1288 (Pa. Super. 2014). Section 9799.14 of SORNA establishes a three-tiered system of specifically enumerated offenses requiring registration for sexual offenders for differing lengths of time. *Id*. Pursuant to section 9799.15(a)(1), a person convicted of a Tier I offense must register for 15 years. A Tier II offender must register for 25 years, while a Tier III offender, like Brooks, must register for the remainder of his or her life. 42 Pa.C.S. §§ 9799.15(a)(2), (a)(3). **See Commonwealth v. McDonough**, 96 A.3d 1067 (Pa. Super. 2014); **see also Commonwealth v. Gaffney**, 733 A.2d 616, 622 (Pa. 1999) ("Because we do not view the registration requirements as punitive but, rather, remedial, we do not perceive mandating compliance by offenders who have served their maximum term to be improper.").

2. Did the Commonwealth fail to prove beyond a reasonable doubt that appellant engaged in any activity tending to corrupt the minor male victim by showing him inappropriate magazines or photos?

3. Did the Commonwealth fail to prove beyond a reasonable doubt that the appellant had any unlawful contact with the minor female victim since there was no physical evidence presented in the instant case?

4. Is it unconstitutional to require an appellant to register for a lifetime when said registration requirement exceeds the statutory maximum penalty for appellant's offense?

5. Is the Adam Walsh statute unconstitutional in requiring an appellant to register for a lifetime?[2]

After a review of the parties' briefs, the relevant case law and the certified record on appeal, we agree with President Judge Wagner that these claims are meritless, and we rely upon his opinion in affirming the judgment of sentence. We attach a copy of that decision in the event of further proceedings in the matter.

Judgment of sentence affirmed.

Judge Stabile joins the Memorandum.
Judge Jenkins concurs in the result.

_____

[2] We point out that Brooks summarily argues that "that to require such a registration period constitutes an unusual punishment as barred by the Pennsylvania and U.S. Constitutions[.]" Appellant's Brief at 19. Brooks fails to acknowledge, however, that the registration requirement is non-punitive, *see McDonough*, *supra* at n.1; therefore, it does not fall within the protection of the Eighth Amendment of the U.S. Constitution or Article I, Section 13 of the Pennsylvania Constitution. *See* Trial Court Opinion, at 3-4; *see also Commonwealth v. Perez*, 97 A.3d 747 (Pa. Super. 2014) (provisions of Sex Offender Registration and Notification Act (SORNA) not punitive in nature).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2015

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :

vs.                              :

CHARLES BROOKS                   :  No.   386 of 2014

Defendant                        :

## OPINION AND ORDER

WAGNER, P.J.

Before the Court is Defendant's Concise Statement of Issues on Appeal listing five grounds on which he is seeking relief: (1) Insufficient evidence that he had any inappropriate contact with the victim; (2) Insufficient evidence that he showed the victim inappropriate magazines or photos; (3) Insufficient evidence that Defendant had any unlawful contact with the victim; (4) Unconstitutionality of the requirement for lifetime registration for a defendant such as he; and (5) Unconstitutionality of the Adam Walsh statute which requires lifetime registration.

The Defendant has been convicted by a jury of the following nine offenses: Involuntary Deviate Sexual Intercourse, IDSI forcible compulsion; Involuntary Deviate Sexual Intercourse with a person less than thirteen years of age; Aggravated Indecent Assault forcible compulsion; Aggravated Indecent Assault with a person less than thirteen years of age; Endangering the Welfare of Children; Corruption of Minors; Indecent Assault with a person less than thirteen years of age; Corruption of Minors, magazines, two victims; Indecent Assault forcible compulsion contact. The trial evidence may be summarized as follows:

1

The first witness, C▆▆▆▆ C▆▆▆▆▆, eighteen years old at the time of the trial, testified that she knew Defendant as "Chuckie" most of her life because he was Ms. C▆▆▆▆'s stepgrandmother's son, and he resided with his mother. N.T. pp. 6-7. When Ms. C▆▆▆▆ was between the ages of five and ten years old, her stepgrandmother, V▆▆▆▆ B▆▆▆▆, was her caretaker while her mother, father, or stepfather were working. Id. p. 8. While the child was at her stepgrandmother's house, Defendant would take her up to his bedroom and showed her pornographic magazines with naked men and women engaging in sexual intercourse. Id. p.9. Sometimes Defendant would then remove her clothing and touch the young girl's chest and vagina with his fingers. Id. pp. 10-11. The touching later progressed to "dry humping" her while her clothes were on. Id. Such activity brought Defendant's penis into contact with the victim's pelvic area. Id. p. 15. Eventually, Defendant once forced her head down on his penis after he had removed the child's clothing. Id. Some years later, when she was sixteen years old, she finally told her stepmother's niece about the sexual abuse, Id. p. 13, and later told her stepmother after her stepmother asked about it. Id. p. 21.

Ms. C▆▆▆▆'s halfbrother, C▆▆▆▆ B▆▆▆, age eight years and in the third grade, told the jury that he knows Defendant as "Uncle Chuckie." Id. pp. 31, 37. C▆▆▆▆ stated that Defendant would show him magazines with pictures of naked women sometimes when he went to his grandmother's house. Id. p. 38. Although C▆▆▆▆'s grandmother was in the house, he and Defendant would go to a different part away from where she was. Id. C▆▆▆▆ first told his mother about the pictures. Id. p. 40. Pennsylvania State Trooper Thomas Hartley testified that during his investigation of this matter, he had ascertained that Defendant's date of birth is August 19, ▆▆▆ *1956*; C▆▆▆▆ C▆▆▆▆'s birthdate is January 31, ▆▆▆▆, and Connor B▆▆▆'s date of birth is July 20, 2006, Id. p.15, and had also determined that the crimes occurred at 130 Palmer Adah

Road, Luzerne Township, Fayette County. Id. Commonwealth witness, Desiree Patterson, a forensic interviewer at A Child's Place at Mercy, 1515 Locust Street, Pittsburgh, testified concerning her interviews with both C████ Ca██████i and C████ B██████. Id. p. 61. Ms. Pattersons's testimony generally confirmed that of both victims in that Ms. C██████ related to her that Defendant had shown her pornographic pictures, digitally penetrated her vagina, and forced her to perform oral sex on him one time, Id. pp. 68-72, while C██████ told her that Defendant had shown him pictures of naked women. Id. pp. 62-63.

In evaluating a challenge to the sufficiency of the evidence, the Court must consider the trial evidence in the light most favorable to the Commonwealth as verdict winner, giving it the benefit of all reasonable inferences based on that evidence. Commonwealth v. Walker, 839 A.2d 999 (Pa.Super. 2003). Clearly, the trial testimony as summarized above is quite sufficient to refute Defendant's first three claims of insufficiency for purposes of this appeal.

As to Defendant's two claims concerning the unconstitutionality of the length of the sex offender registration requirements and the "Adam Walsh" statute which mandates the said registration, the Sexual Offender Registration and Nortification Act (SORNA), such provisions are non-punitive and are intended to advance and protect public safety. See Commonwealth v. McDonough, 96 A.3d 1067 (Pa.Super. 2014). The registration period of twenty-five years does not constitute an illegal sentence, but is rather a collateral consequence of his convictions. See Id. The constitutionality of any statute is purely a question of law, and a declaration that a properly enacted legislative statute is not constitutional is generally beyond the authority of the Court of Common Pleas. However, it is well-settled that when a statute imposes a consequence on a defendant for reasons other than punishment, it is considered as non-penal and not within the purview of the Eighth Amendment of the United States Constitution. See Trop v. Dulles, 356

3

U.S. 86 (1958). As already stated, <u>McDonough</u>, *supra.,* held that SORNA's goal is the non-punitive effectuation of public safety. Thus, it is not punishment for the purposes of the Eighth Amendment or under Article 1, Section 13 of the Pennsylvania Constitution, and does not violate the prohibitions against cruel and unusual punishment in either.

For the foregoing reasons, it is respectfully suggested that Defendant's appeal should be denied.

BY THE COURT:

_____, P.J.

ATTEST:

_____
Clerk of Courts